FILED
APR 19 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>JESUS MORALES-SANCHEZ,<br><br>　　　　　　　Defendant. | Case No.: **21CR0612-DMS**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a bond hearing was held on March 17, 2021, to determine whether Defendant, JESUS MORALES-SANCHEZ, should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Rosario Gonzalez appeared on behalf of the United States. Attorney Sandra Lechman appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant on December 16, 2020 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# **FINDINGS OF FACT**

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):

1. The Defendant is charged in Criminal Complaint No. 20MJ10072-RBM (Criminal Case No. 21CR0612-DMS) with the importation of 960 grams (2.11 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See, 18 U.S.C. § 3142(e).

3. The offense carries a maximum sentence of life. See, 21 U.S.C. § 960(b)(1)(H). According to the United States Sentencing Guidelines, the Base Offense level is 30. See, USSG § 2D1.1(c)(5). Assuming the Defendant's criminal history score places him in Criminal History Category I, see, USSG § 4A1.1, the sentencing range for the Defendant is 97-121 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2)):

1. On December 13, 2020 at approximately 5:10 p.m., Jesus MORALES-Sanchez (MORALES), a U.S. Citizen, applied for entry into the United States at the Calexico, California West Port of Entry via the pedestrian primary lanes. MORALES was carrying a Bluetooth speaker and was instructed by U.S. Customs and Border Protection Officer (CBPO) E. Lozano to place the Bluetooth speaker onto the x-ray machine. CBPO E. Lozano, the X-Ray Examiner, detected two (2) anomalies inside the Bluetooth speaker. CBPO E. Lozano referred MORALES to secondary inspection.

2. While in secondary inspection, CBPO C. Gonzalez obtained a negative customs declaration from MORALES and asked MORALES where he was headed, at which time MORALES said he was going home to Calexico, California. CBPO C. Gonzalez conducted a pat-down search of MORALES, which yielded negative results for contraband.

CBPO C. Gonzalez requested Canine Enforcement Officer (CEO) San Bartolome and his Human Narcotic Detection Dog (HNDD) screen the Bluetooth speaker. CEO San Bartolome and his HNDD screened the Bluetooth speaker and the HNDD alerted to the Bluetooth speaker for the presence of narcotics.

3. Upon further inspection of the Bluetooth speaker by CBPO C. Gonzalez, two (2) packages containing a crystal-like substance were recovered from inside the Bluetooth speaker. CBPO J. Aguilar field-tested the crystal-like substance using the GEMINI device. The substance tested positive for methamphetamine and the total weight of the two (2) packages was 960 grams (2.11 pounds).

4. MORALES was charged with violation of Title 21, United States Code sections 952 and 960 for Importation of a Controlled Substance and was issued a Notice to Appear dated March 5, 2021 at 8:00 a.m. On March 5, 2021, MORALES failed to appear for his initial appearance and a bench warrant was issued for his arrest. MORALES was subsequently arrested on March 16, 2021 based on the outstanding warrant for his failure to appear.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)):

1. Though the Court acknowledges this is the least important factor, the weight of the evidence is strong against Defendant including the fact that there is probable cause to believe Defendant committed the charged offense.

2. Defendant is a resident of Mexico.

3. Defendant is currently transient.

4. Defendant has a lack of community ties to the United States.

5. Defendant is currently unemployed.

6. Defendant appears to have an extensive substance abuse problem according to the information in the Pretrial Services Report.

7. Defendant has a history of failing to appear in the instant matter. Defendant failed to appear for his court appearance after he was given a Notice to Appear for March 5, 2021.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has no prior criminal history, however, Defendant failed to appear for his initial appearance in this case on March 5, 2021.

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 20MJ10072-RBM (Criminal Case No. 21CR0612-DMS) with the importation of 960 grams (2.11 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
DATED: 4/19/2021

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

RANDY S. GROSSMAN
Acting United States Attorney

*Rosario Gonzalez*
Rosario Gonzalez
Assistant U.S. Attorney

cc: Sandra Lechman
Counsel for Defendant